Dear Superintendent Fisher,
The Attorney General is in receipt of your request for an Attorney General's Opinion wherein you ask, in effect, the following questions:
1. Does a public trust, created pursuant to 60 O.S. 176 et. seq.(1971), as amended, have absolute control of the distribution ofthe in lieu of tax payments?
 2. If the answer to the first question is "no", should the in lieu oftax payments go to the county treasurer to be distributed in the samemanner as provided by law for ad valorem taxes? Should the school's sharego to the school district in which the industry is located?
Recent Attorney General Opinion No. 79-168 has addressed, in substance, your initial inquiry. Attorney General Opinion No. 79168 ruled that insofar as the provisions of 60 O.S. 178.7 (1977), purport to provide an exemption to property of a private lessee of public trust lands the statute is unconstitutional. Additionally, the same Opinion holds that to the extent 60 O.S. 178.7 authorizes any distribution of funds inconsistent with the statutory manner and mode of collecting and distributing ad valorem tax funds, it is likewise unconstitutional.
As stated in Opinion No. 79-168, there are only two types of property, taxable property and tax exempt property. If the property is taxable, the method of assessment, levy and collection of the tax is controlled by specific statutory procedure. Provisions of 60 O.S. 178.7 purport to authorize the following option to the trust as to the manner and mode of distributing in lieu of tax payments received from tenants of the trust.
 ". . . Prior to the tenth anniversary date of the issuance of such revenue bonds, notes or other evidences of indebtedness, the public trust shall elect, pursuant to a written notice of election filed with the county assessor and the county treasurer of the county in which the project property is located, either (a) to cause said annual in lieu of payments to be paid directly to said county and collected and distributed by said county treasurer in the manner then provided by law for ad valorem tax payments, or (b) to cause said annual in lieu of payments to be paid to said public trusts and distributed as received by it to the local units of government in the impact area of the project supplying services and facilities to the industrial project and its employees in proportions that the public trust shall determine to be equitable under the circumstances, with total distribution to all impact school districts of not less than the percentage that would have been received in ad valorem taxes, by the school districts in the county where the facility is located, if imposed, and with said distribution based upon enrollment figures provided annually, . . ."
It is the view of the Attorney General that option (b) set forth above is an unconstitutional alternative for two reasons. Since the sums coming available under the provisions of 60 O.S. 178.7 are in fact ad valorem tax receipts, rather than any payments "in lieu of" ad valorem taxes, those taxes must be assessed, levied, collected and paid in conformance with the specific statutory provisions controlling ad valorem taxation. 68 O.S. 2401[68-2401] et seq. (1971), as amended (assessment procedures); 68 O.S. 2482 — 68 O.S. 24102 (1971), as amended (levies); and 69 O.S. 24209 and 69 O.S. 24210 (1971) (collection and payment). Article X, Section 5, of the Oklahoma Constitution forbids any governmental taxing agency to surrender, suspend or contract away the power of taxation. Neither the Legislature or any other governmental entity having taxing power is authorized to delegate to a public trust the authority to collect and distribute ad valorem taxes. While there can be no question as to the authority of the Legislature to establish, by law, the manner and procedure by which taxes are levied and paid, the Legislature may not strip constitutionally authorized governmental agencies of their authority to assess and collect ad valorem taxes.
It is, therefore, the opinion of the Attorney General that a publictrust has no control over the distribution of ad valorem tax funds byreason of a total absence of constitutional authority in the public trustto tax; and all ad valorem taxes to be paid by non-exempt tax payers ofpublic trusts properties are to be assessed levied, collected and paid asdictated by law. The provisions of 60 O.S. 178.7 (1977), inasmuch as theyare inconsistent with the views expressed herein are unconstitutional.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL FILENAME: m0001907 LESLIE FISHER STATE SUPERINTENDENT OF EDUCATION ATTORNEY GENERAL OF OKLAHOMA — OPINION JULY 31, 1979 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA OPINION — AG — A PUBLIC TRUST HAS NO CONTROL OF OVER THE DISTRIBUTION OF AD VALOREM TAX FUNDS BY REASON OF A TOTAL ABSENCE OF CONSTITUTIONAL AUTHORITY IN THE PUBLIC TRUST TO TAX; AND ALL AD VALOREM TAXES TO BE PAID BY NON EXEMPT TAXPAYERS OF PUBLIC TRUST PROPERTIES ARE TO BE ASSESSED LEVIED, COLLECTED AND PAID AS DICTATED BY LAW. THE PROVISIONS OF 60 O.S. 1977 Supp., 178.7 [60-178.7], INASMUCH AS THEY ARE CONSISTENT WITH THE VIEWS EXPRESSED HEREIN ARE CONSTITUTIONAL. CITE: OPINION NO. 79-168, 60 O.S. 1971 176 [60-176], 68 O.S. 1971 2401 [68-2401], 68 O.S. 1971, 2482-24102 [68-2482] — [68-24102], ARTICLE X, SECTION 5, 68 O.S. 1971 24209 [68-24209] , 68 O.S. 1971 24210 [68-24210] [68-24210] (JOHN PECIVAL)